# In the District Court of the United States
# For The District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| Dennis McCrea, # 150222 )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Tom Fox, Director, Horry County )<br>Detention Center and )<br>Phillip E. Thompson, Sheriff )<br>Horry County, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 9:05-0945-TLW-GCK<br><br>**REPORT AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE** |

## I.  INTRODUCTION

The Plaintiff, Dennis McCrea ("Plaintiff" or "McCrea") was a pre-trial detainee at the Horry County Detention Center, also known as the J. Reuben Long Detention Center, at the time of the alleged incidents giving rise to this action. On March 24, 2005, Plaintiff filed a complaint against Tom Fox ("Fox"), the director of the Horry County Detention Center ("HCDC"), and Phillip E. Thompson, Sheriff of Horry County ("Thompson").[1] Fox and Thompson will be referred to collectively as the "Defendants".

Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II.  *PRO SE* COMPLAINT

McCrea is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97 (1976); Loe v. Armistead,



---

[1]     Plaintiff has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988), should a limitations issue arise in this action. See this Court's Order dated April 1, 2005. [3-1]The court observes that Plaintiff's complaint was signed on December 8, 2004, but not taken to the mail room until March 24, 2005.

582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Publ L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III.   *IN FORMA PAUPERIS* ACTION

Plaintiff brought this action in forma pauperis ("IFP") under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs before proceeding with the lawsuit. [2-1] To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."[2] A finding of

---

[2]   28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under Section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

## IV. FACTUAL BACKGROUND

The facts, either uncontested or taken in the light most favorable to the Plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, are set forth below.

Plaintiff alleges that he has been incarcerated in the HCDC since October 19, 2004. Plaintiff alleges that since his incarceration, "Horry County has continued to violate my personal health & safety rights."[3] He explains that he has been incarcerated in Pod B-3, Room 227, which has "approximately 82 square feet of floor space" and eight foot ceilings. He has had to share Room 227 with either one or two additional roommates. One roommate has a metal bed, and he and the other inmate are provided with 3" thick mattresses to use on the painted concrete floor. Plaintiff complains that the bed frame, two mattresses, and toilet occupy the majority of the floor space, leaving less than fifty (50) square feet of free floor space in the Room. He and his roommates are locked in Room 227 approximately nineteen (19) hours per day, and he contends "[t]hese conditions are obviously not conducive to personal health and safety rights."[4]



Plaintiff further alleges that he has noticed a fungal growth, or mold, growing in Room 227, and he has experienced headaches, congestion, slight nausea, pressure in his chest and lungs, and

---

[3]  See Complaint [1-1] at p. 3.

[4]  See Complaint [1-1] at p. 3.

Page 3 of 14

other cold and allergy-like symptoms during his incarceration. He complains that the walls, floors, mattresses, and bedding are "frequently damp" and he is afraid that these conditions have affected his long-term health and his career as a certified professional commercial diver.[5] Plaintiff seeks damages in the amount of $25,000.00. [1-1]

## V. PROCEDURAL HISTORY IN FEDERAL COURT

The Plaintiff commenced this action on March 24, 2005, alleging a cause of action under 42 U.S.C. § 1983 for violations of his personal health and safety rights.[6] [1-1] In response, the undersigned issued an Order directing the issuance of summonses, and directed the Defendants to file answers to the complaint. [3-1] On April 20, 2005, the Defendants timely filed an Answer to the Plaintiff's complaint, setting forth various affirmative defenses and alleging that Plaintiff failed as a matter of law to state a prima facie case that prison conditions at the HCDC violated the Eighth Amendment to the United States Constitution. [7-1]

The Plaintiff filed a motion for appointment of counsel, and counsel for the Defendants filed a response in opposition to Plaintiff's motion. [10-1; 14-1] On May 3, 2005, the undersigned denied Plaintiff's motion for appointment of counsel. [16-1] On May 4, 2005, the Defendants filed a Motion to Dismiss the complaint along with a supporting memorandum.[7] [18-1] The

---

[5] See Complaint [1-1] at p. 4.

[6] 42 U.S.C. §1983 provides, in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[7] Prior to this filing, counsel for the Defendants had filed motions for summary judgment, but on three occasions, and each time the motion generated a deficiency memorandum from the Clerk fo Court. See Motion for Summary Judgment filed on April 28, 2005 [8-1] and Deficiency Memorandum for corrected certificate of service [9-1]; see Motion for Summary Judgment filed on April 29, 2005 [12-1] and Motion for Summary Judgment filed on May 2, 2005 [13-1] and Deficiency Memorandum regarding need to sign and date the Motion. [15-1] The Defendants withdrew their Motion for Summary Judgment on May 4, 2005 [19-1], simultaneous with filing their Motion to Dismiss. [18-1]

Plaintiff filed a second motion for appointment of counsel on May 11, 2005, which was denied by the undersigned on May 12, 2005. [21-1; 23-1]

Also on May 12, 2005, the undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the Defendants' Motion, and the dismissal procedure and the possible consequences if Plaintiff failed to adequately respond to the Defendants' Motion within thirty-four (34) days, by June 15, 2005. [24-1] When the Plaintiff failed to respond, the undersigned issued an Order to the Plaintiff on June 20, 2005 directing the Plaintiff to file a response to the Defendants' Motion to Dismiss by July 11, 2005. [25-1]

Having received no response from the Plaintiff by the due date, the undersigned issued a Report and Recommendation on July 13, 2005 which recommended that the Plaintiff's action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [26-1] On July 19, 2005, Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation [27-1] and also filed a separate Motion for access to a law library. [28-1] In response, on July 22, 2005 the Defendants filed an opposition to Plaintiff's request for access to a law library. [29-1]

Thereafter, on August 29, 2005, the Honorable Terry L. Wooten of the United States District Court for the District of South Carolina filed an Order remanding this case to the undersigned to permit the Plaintiff an opportunity to respond to the outstanding motion to dismiss or any motion for summary judgment that the Defendants might choose to refile. [30-1] Accordingly, the undersigned issued an order on September 22, 2005 which (1) gave the Plaintiff twenty days to file a response to Defendants' Motion to Dismiss, and (2) again denied the Plaintiff's Motion for access to a law library. [31-1] In response, on September 27, 2005 the Plaintiff filed his Opposition to Defendants' Motion to Dismiss. [32-1]

## VI. THE STANDARD FOR DETERMINING A MOTION TO DISMISS

This matter is before the court upon the Defendants' motion to dismiss under Fed.R.Civ.P. 12(b). When resolving a motion to dismiss, a court "presumes all factual allegations in the complaint to be true and accords all reasonable inferences to the non-moving party." Sumner v. Tucker, 9 F.Supp.2d 641, 642 (E.D.Va.1998), *citing* 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed.1994); *see also* Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir.1978). In other words, a court must accept all well-pled allegations as true and construe them in the light most favorable to the Plaintiff. *See* Zinermon v. Burch, 494 U.S. 113, 117 (1990); *see also* Jenkins v. McKeithen, 395 U.S. 411, 421-422 (1969).

A motion to dismiss for failure to state a claim upon which relief can be granted is only appropriate where it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[.]" Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint should not be dismissed for insufficiency unless it appears to a certainty that a plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim. 2A James Wm. Moore et al, MOORE'S FEDERAL PRACTICE, ¶ 12.08 at 2271-2274.

## VII. ANALYSIS

### A. The Status of Plaintiff

As a threshold matter, this Court will address the issue as to whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time the matters of which he complains occurred. The Plaintiff has not furnished the Court with this information, and the Defendants, in their Memorandum, likewise have not presented the Court with such information. The status of Plaintiff's determination is important to the Court in that it will determine the standard under which Plaintiff's claims should be analyzed. This court will assume, for purposes of this Report and Recommendation, that Plaintiff is a pre-trial detainee, given the facility in which he was housed. Thus, Plaintiff's allegations are governed by the due process clause of the Fourteenth

because he was a pre-trial detainee, not a convicted prisoner, at the time of the incident at issue. Hill v. Nicodemus, 979 F.2d 987, 990 (4th Cir. 1992).

### B. Plaintiff's Claim

### 1. Plaintiff has failed to state a claim.

Because the constitutional rights of a pretrial detainee flow from the Due Process Clause of the Fourteenth Amendment, they are distinguishable from an inmate's right not to be subjected to cruel and unusual punishment under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The constitution requires that a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell, 441 U.S. at 535. Thus, when evaluating the constitutionality of the conditions or restrictions of pretrial detention, the court must determine whether the conditions allegedly encountered by the detainee amounted to punishment. Id. at 536-37.



As a threshold matter, the undersigned notes that the Supreme Court has held that the right to adequate ventilation, at least in the context of preventing prisoners from being exposed to the health risks caused by the involuntary exposure of a prison inmate to environmental tobacco smoke may form the basis of a claim for relief under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 34-36 (1993). However, the question presented here is whether the Defendants have provided conditions of confinement that rise to the level of punishment in view of the Plaintiff's claim that he suffered "cold/allergy-like symptoms," including "headaches, congestion, and slight nausea" due to the alleged mold or mildew in his cell. Plaintiff further claims that his symptoms, allegedly caused by mold in his cell, have created "a violation of personal health & safety rights." This court disagrees.

In Bell v. Wolfish, 441 U.S. 520 (1979), the United States Supreme Court established that pre-trial detainees have a right, protected by due process, to be free from conditions of confinement that constitute "punishment." Bell made clear that a district court must, when presented with pre-trial detainee claims such as these, determine whether the conditions in question constitute

"punishment" or are permissible regulatory restraints that are necessary incidents of pre-trial detention. Id. at 537-38. Thus, the test for determining whether the Plaintiff's conditions of confinement are unconstitutional rest upon whether the condition amounts to punishment. In this case, Plaintiff has put forth no direct evidence or evidence that could be inferred to lead this court to conclude that the alleged conditions were meant to punish him.

Furthermore, Plaintiff's argument fails because he has failed to show any evidence that the alleged mold has, in fact, caused his alleged health problems. Plaintiff's allegations appear to be based on an invalid deduction of fact, which is best articulated in the maxim "*Post hoc, ergo propter hoc.*" This maxim is usually translated as "After this, therefore, on account of this." Most federal courts have rejected the validity of that maxim in determining whether a causal connection exists. *See, e.g.*, the order of the Honorable Charles E. Simons, Jr., United States District Judge, in Orr v. Gardner, 261 F. Supp. 39, 41 n. 1 (D.S.C. 1966) ("*Post hoc, ergo propter hoc* in logic is usually intended as 'the fallacy of arguing from mere temporal sequence to cause and effect relationship.'"); *and* Loyd v. Bullhead City, 931 F.2d 897 [Table], 1991 U.S.App. LEXIS® 9824, * 17, 1991 WESTLAW® 70735 (9th Cir., May 6, 1991), where the United States Court of Appeals for the Ninth Circuit commented: "Loyd's argument presents a classic example of the logical fallacy known as *post hoc, ergo propter hoc, i.e.*, that a cause-and-effect relationship can be shown from a mere temporal sequence." Although a district court, when evaluating a pleading under 28 U.S.C. § 1915, must assume that the allegations in the pleading are true, a district court is not required to accept unwarranted deductions of fact. *See* Gersten v. Rundle, 833 F. Supp. 906, 910, 1993 U.S.Dist. LEXIS® 13589 (S.D.Fla. 1993); *and* Clegg v. Cult Awareness Network, 18 F.3d 752, 754-755, 1994 U.S.App. LEXIS® 4103 (9th Cir. 1994) (district court not required to accept conclusions that cannot be reasonably drawn from facts alleged). *See also* Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (district court "not required to 'accept as true legal conclusions or unwarranted factual inferences'"); Bender v. Suburban Hospital, Inc., 159 F.3d 186, 192, 1998 U.S.App. LEXIS® 27790 (4th Cir. 1998); *and cf.* Papasan v. Allain, 478 U.S. 265, 286

(1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

Simply stated, this court does not believe that the alleged presence of mold, and the allegations that the mold caused Plaintiff "cold/allergy-like symptoms" rise to the level of unconstitutional conditions at HCDC. Accordingly, Plaintiff has failed to set forth facts to support a cognizable legal claim, and it is recommended that Defendants' Motion to Dismiss should be granted.[8]

### 2. Plaintiff's Section 1983 claim against Sheriff Thompson fails as a matter of law.

The Eleventh Amendment bars any Section 1983 damages claim in federal court against Sheriff Thompson in his official capacity as a deputy sheriff. *See* U.S. Const. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984); Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir.1996); McCall v. Williams, 52 F.Supp.2d 611, 616 (D.S.C. 1999); Gulledge v. Smart, 691 F.Supp. 947, 955 & n. 7 (D.S.C.1988); Carroll v. Greenville County Sheriff's Dep't., 871 F.Supp. 844, 846 (D.S.C.1994).

In addition, Sheriff Thompson is shielded from any liability in this case pursuant to the well-settled doctrine of qualified immunity, which shields government employees from liability for civil damages arising from actions within the scope of their employment unless their conduct violated "clearly established . . . constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is an "*immunity*

---

[8] Given this conclusion, the court will not address the issue of exhaustion of administrative remedies. The court notes, however, that the Defendants failed to assert this as an affirmative defense, and thus have waived the defense. *See* Anderson v. XYZ Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005) ("[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant[.]")

*from suit* rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985).

### 3. Plaintiff's Claim against Director Fox fails as a matter of law.

The Eleventh Amendment likewise bars Plaintiff from asserting a Section 1983 damages claim against HCDC Director Fox in his official capacity. Although Plaintiff contends that he has directed complaints regarding his complaints of mold and dampness at HCDC to Director Fox, Plaintiff has not provided this court with copies of any of those complaints. Assuming for the purposes of the motion that Plaintiff's allegations are true, Plaintiff has not set forth any evidence that Director Fox was personally involved in any alleged violation of rights, or that he was involved in the supervision of other HCDC employees who allegedly violated Plaintiff's rights. *See, e.g.*, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.); *cert. denied* 115 S.Ct. 67 (1994) (supervisory liability "is not premised upon *respondeat superior* but upon a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.") (internal quotation and citation omitted). Supervisory liability only attaches if the conduct directly causing the constitutional deprivation is undertaken to effectuate official policy or custom for which the supervisor is responsible. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).



Finally, the Fourth Circuit Court of Appeals has stated that liability under Section 1983 cannot be premised on the doctrine of *respondeat superior*. Ross v. Reed, 719 F.2d 689 (4th Cir. 1983). Accordingly, Plaintiff's claims must fail.

### VIII. THE PRISON LITIGATION REFORM ACT

Plaintiff is a pre-trial detainee, but nevertheless is a "prisoner," as that word is a defined term in The Prison Litigation Reform Act (the "PLRA"): "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and

conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Identical definitions appear in 28 U.S.C. § 1915A(c) and 42 U.S.C. § 1997e(h). Therefore, the terms of the PLRA apply to Plaintiff, as a pre-trial detainee.

The PLRA, which amended 28 U.S.C. § 1915, states that federal courts shall dismiss actions filed *in forma pauperis* if, at any time, the Court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). Congress has recognized that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Cain v. Commonwealth of Virginia, 982 F.Supp. 1132, 1136 (E.D.Va.1997), *quoting* Neitzke v. Williams, 490 U.S. 319, 324 (1989). The purpose of Section 1915(g) thus acts as a limitation upon the number of *in forma pauperis* actions that may be filed by an inmate at the expense of the public.[9]

Federal courts have a responsibility to assess the nature of the allegations presented in a civil action and determine whether the plaintiff's motive is to harass and vex the defendants or to seek redress for a legitimate claim. Cain, 982 F.Supp. at 1136 (quotations and citations omitted). A complaint abusive of the judicial process is malicious within the meaning of Section 1915. Id., *citing* Ballentine v. Crawford, 563 F.Supp. 627, 629 (N.D.Ind.1983) (referring to Section 1915(d), now Section 1915(e)(2)).

This court is of the opinion that Plaintiff's allegations are frivolous and malicious under the PLRA, 28 U.S.C. § 1915(e)(2)(B)(1), and should be summarily dismissed under 28 U.S.C. § 1915A(b). Furthermore, this dismissal should be deemed a "strike" under the "three strike" rule of the PLRA, as set forth in 28 U.S.C. § 1915(g).

---

[9] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on e or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## RECOMMENDATION

Based upon the foregoing, it is recommended that the **Defendants' Motion to Dismiss [18-1] be granted.** It also is recommended that this cause of action be **deemed a "strike"** for purposes of the "three strike rule" of the PLRA.   28 U.S.C. § 1915(g) and 42 U.S.C. § 1997(e).

_____
George C. Kosko
United States Magistrate Judge

October 19, 2005

Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.) 1984, *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from

subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir. 1985)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**